IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JUANITA JOHNSON<br>and ALL SIMILARLY SITUATED EMPLOYEES,<br><br>   Plaintiff,<br><br>v.<br><br>SMITH & NEPHEW, INC.<br>d/b/a SMITH & NEPHEW<br>and d/b/a SMITH & NEPHEW, PLC.<br><br>   Defendant. | NO.<br>JURY DEMAND |

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

COMES NOW, Juanita Johnson and All Similarly Situated Employees ("Plaintiff") and files this Complaint for Violation of the Fair Labor Standards Act ("FLSA") against Smith & Nephew, Inc. d/b/a Smith & Nephew and d/b/a Smith & Nephew, PLC. ("Defendant") and in support thereof would state as follows:

### INTRODUCTORY STATEMENT

1.      Plaintiff, Juanita Johnson, is a female citizen of the United States and seeks redress for unpaid wages and overtime due to her, under the Constitution and laws of the United States, in her capacity as employee with the Defendant. Specifically, Plaintiff alleges that Defendant did not pay all overtime owed. Plaintiff seeks unpaid wages and overtime. Further, Plaintiff seeks all other damages available to her.

1

## PARTIES

2.      Plaintiff, Juanita Johnson, is a female citizen of the United States and at all times material hereto has been a resident of Walls, Desoto County, Mississippi who worked at Defendant's distribution center in Memphis, Shelby County, Tennessee.

3       Defendant, Smith & Nephew, Inc., is a for profit Delaware corporation with its principle place of business in Memphis, Tennessee. The registered agent for service of process of Smith & Nephew is CT Corporation Systems, 300 Montvue Rd., Knoxville, TN 37919-5546.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4) inasmuch as the Plaintiff's claims raise a substantial federal question pursuant to 29 U.S.C.A. § 216(b), 29 U.S.C.A. § 218c(a), and other provisions of the Fair Labor Standards Act ("FLSA") of 1938. Jurisdiction is conferred on this Court by 29 U.S.C. §§ 207, 216, and 28 U.S.C.A. § 1337 in that this cause of action presents a question of federal law and this matter involves a statute addressing interstate commerce.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) and Local Rule LR 3.3(b).

## FACTUAL ALLEGATIONS

6.      On February 29, 2016, Plaintiff was hired by Defendant to work as an International Shipping Specialist ("ISP"), exporting medical devices, developed by Defendant, to foreign countries.

2

7.      As part of Plaintiff's job as an ISP, she is responsible for customer service, scheduling pick-ups, informing clients products have shipped, creating orders requested by customers, and managing file folders for shipments.

8.      When Plaintiff started in 2016, there were eight ISP working in her department. Nevertheless, even with eight ISPs, it was difficult to handle all of the job functions and duties, given the volume of orders, during the authorized eight-hour shift.

9.      On many days, Plaintiff and her similarly situated co-workers, would not be able to complete their job tasks during the authorized eight-hour shift and some would come in early, work though their lunch break, and work after hours to catch up on the file folders,

10.     Company policy dictated that there be at least 7 members in Plaintiff's department. However, during much of the time there were only 5-6 members. Thus, Plaintiff's department was understaffed.

11.     Upon information and belief, during much of the time at issue in this case, Plaintiff and similarly situated coworkers had a high volume of shipments and because the department was understaffed this led to a frequent backlog of managing file folders.

12.     Shipments took priority over managing file folders even though managing the file folders was still part of the required tasks it was Defendant's policy not to pay Plaintiff and her similarly situated coworkers for working overtime hours when managing the file folders. *See Plaintiff's Exhibit A.*

13.     On other occasions, Plaintiff, and her similarly situated coworkers, worked through their lunch breaks because they needed to process shipments and/or work on file folders.

3

14. A large portion of the time, Plaintiff, and her similarly situated coworkers, came in early, worked through their lunch breaks, and worked late but were not paid for the extra time worked, as was Defendant's policy. *See Plaintiff's Exhibit B.*

15. Also, on occasion, Plaintiff and her similarly situated coworkers worked after hours for training and were not paid for those hours either.

16. On at least two instance Defendant intentionally deducted overtime that Plaintiff had worked. *See Plaintiff's Collective Exhibit C.*

17. In failing to pay Plaintiff and her similarly situated coworkers for overtime worked, Defendant violated the FLSA.

18. At all times set forth herein, Defendant was engaged in commerce within the meaning of the FLSA through their business of providing medical devices to both national and international customers.

19. ISPs, such as Plaintiff, are not professionals as that term is defined in 29 C.F.R § 541.300(a). Plaintiff is not an executive as that term is defined in 29 C.F.R. § 541.100 because she never managed any employees and she was paid on an hourly basis. Also, in performing her primary duties, Plaintiff did not exercise discretion or independent judgment such that she would be considered an exempt administrative employee as that term is defined by 29 C.F.R. § 541.200(a).

20. Plaintiff is a non-exempt employee because she does not fall under any exemption contemplated by the FLSA.

21. Defendant's staffing and management practices and policies and the work volume

necessitated Plaintiff and her similarly situated coworkers working through meal breaks, going in early, and leaving late so that all the work would get done.

22. Pursuant to 29 U.S.C. §§ 207, 216, there is due and owing from Defendant, to Plaintiff, compensation for unpaid wages and overtime, plus an additional equal amount as liquidated damages together with an additional sum due for reasonable attorney fees.

## CAUSES OF ACTION

23. Plaintiff charges, avers, and brings the following causes of action against Defendant: Plaintiff brings this action pursuant to the Fair Labor Standards Act 29 U.S.C.A § 201 et seq., for failing to pay Plaintiff her proper rate of pay, by failing to properly pay Plaintiff for all hours worked, for failing to properly pay Plaintiff for overtime pay for all hours worked over forty (40) hours per week.

## DAMAGES

24. Plaintiff seeks compensatory damages including unpaid overtime and lost wages.

25. Plaintiff seeks liquidated damages to deter and prevent the intentional and reprehensible employment practices undertaken by Defendant, with reckless disregard to Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff prays that this Court require Defendant to appear and answer the Complaint; that Plaintiff be awarded all damages to include back pay and front pay that are available to her under the law; that Plaintiff be awarded liquidated damages plus her attorneys' fees, costs, pre- and post-judgment interest, and all other relief to which she may be entitled at law and equity.

**PLAINTIFF DEMANDS TRIAL BY JURY**

                          Respectfully submitted,

                          **ESKINS KING & MARNEY, PC**

BY:    s/ James E. King, Jr.
           JAMES E. KING, JR. (#21219)
           ERIC E. LINDQUESTER (#35229)
           200 Jefferson Ave., Suite 1510
           Memphis, Tennessee 38103
           (901)578-6902
           jking@eskinsking.com
           elindquester@eskinsking.com

Johnson, Juanita

| | |
|---|---|
| From: | Saulsberry, Tesha |
| Sent: | Thursday, August 30, 2018 10:40 AM |
| To: | Traffic |
| Subject: | Operations for Friday, 8/31 |
| Importance: | High |

Hello Ladies-

Please be advised that an idea was brought to my attention on yesterday (thank you Jean) and I have agreed to approve.

I will allow a **ONE TIME OPPORTUNITY** to come in and be paid for completing file folders on tomorrow, 8/31. This will only be for **4 hours**. This should be a reasonable amount of time to get caught up seeing that this will be the only thing you have to focus on. Therefore this means you can gain back 4 PTO hours.

As you are FULLY aware, the filing process is just as much a part of your daily tasks and always should be addressed as such. However, I am aware of the challenges so I'm open to being flexible in this case.

Let me be perfectly **CLEAR**, this is a **ONE TIME EXCEPTION**. You should **NOT** get comfortable with this arrangement.

This is not mandatory, so if you choose to take the full day and you are ok with your filing and you want to enjoy an extended holiday, I am ok with that.

If you want/need to do this, please go into Workday and revise your time off request.

Please make sure you keep a copy of this email so we don't have to drive down the road of what one didn't know as it relates to this arrangement.

If any questions, let me know.

Tesha

**smith&nephew**
Supporting healthcare professionals for over 150 years

Tesha Saulsberry, LCB, CCS, CES | U.S. Trade Compliance Manager | Global Trade Compliance
tesha.saulsberry@smith-nephew.com
D 901 399-5292
M 901 857-8603
www.smith-nephew.com


EXHIBIT A

**Johnson, Juanita**

| | |
|---|---|
| **From:** | Saulsberry, Tesha |
| **Sent:** | Wednesday, January 30, 2019 10:11 AM |
| **To:** | Traffic |
| **Subject:** | Staff meeting follow up |
| **Importance:** | High |

Ladies-

Thank you all again for the support and feedback from Monday's meeting. It was a very productive meeting. I mainly appreciate the fact that it sparked conversation amongst the team that I would like to see continue.

Since the meeting, I realized that there were a couple of things that I failed to mention; some things brought to my attention by team members; and some new things that will be coming as we strive for continuous improvement. See below for the updates inclusive of deadline for discussed follow up items. Also, I will plan to have the meeting minutes to you by or before the end of next week.

- Export Shipping (Ortho): there is opportunity for process improvement (I know you say "again", but I think this one will finally get us where we need to be). *To be discussed 2-11*
- Export Shipping (Endo): details to come; still under review and final decision making (possible combining)
- Error tracker: all will receive a quarterly report along with rating from quarterly process review (in addition there will be a new overall tracking system for these ratings implemented by the end Q2 to start in Q3; this is to ensure fair assessment to all while considering all factors..details to come)
- Record retention process: I would like to hear the final decision on *2-11* and I <u>**encourage everyone**</u> to provide input and play the devil's advocate where needed because this process will impact each and every one's of your assessment ratings

I know it seems like a lot to keep up with right now, but once it all is up and running it will become second nature just like everything you do now. I don't want anyone to feel overwhelmed or discouraged. We are taking these change steps together as a team, myself included. If you begin to, <u>just breathe</u> and/or come to me and let's discuss it.

**REMINDERS:** 1) Objectives are to be entered into the system by EOB tomorrow. 2) You are HIGHLY encouraged to take your breaks and lunch for no other reason than mental relaxation. It comes out of your daily payroll regardless so if you choose to not take it that is your decision. So I guess what I'm saying is in 2019 and going forward, let's bury this convenient attaché because it is a "dog that is no longer hunting".

**smith&nephew**
Supporting healthcare professionals for over 150 years

Tesha Saulsberry, LCB, CCS, CES | U.S. Trade Compliance Manager | Global Trade Compliance
tesha.saulsberry@smith-nephew.com
D 901 399-5292
M 901 857-8603
www.smith-nephew.com


EXHIBIT B

1

Johnson, Juanita

---

**From:** Saulsberry, Tesha
**Sent:** Sunday, December 09, 2018 6:28 PM
**To:** Johnson, Juanita
**Subject:** RE: I stayed 30 minutes to work on my file folders

Juanita-
As you are aware there is no overtime for filing. I will be changing your time back 30 minutes.
Tesha


Supporting healthcare professionals for over 150 years

Tesha Saulsberry, LCB, CCS, CES | U.S. Trade Compliance Manager | Global Trade Compliance
tesha.saulsberry@smith-nephew.com
D 901 399-5292
M 901 857-8603
www.smith-nephew.com

**From:** Johnson, Juanita
**Sent:** Friday, December 07, 2018 10:42 PM
**To:** Saulsberry, Tesha
**Subject:** I stayed 30 minutes to work on my file folders

Tesha,
I stayed 30 minutes to work on my file folders

smith&nephew
Supporting healthcare professionals for over 150 years

**Juanita Johnson** / International Shipping Specialist / Global Operations **Endoscopy**
**Global Distribution Center, Memphis, TN**
Juanita.Johnson@smith-nephew.com
D: 901-399-1240
F: 901-399-6380
www.smith-nephew.com



1

Johnson, Juanita

| | |
|---|---|
| From: | Saulsberry, Tesha |
| Sent: | Wednesday, May 29, 2019 4:38 PM |
| To: | Johnson, Juanita |
| Subject: | RE: OT explanation I worked on my file folders |

Information received; this does not qualify for approved OT.



Tesha Saulsberry, LCB, CCS, CES | U.S. Trade Compliance Manager | Global Trade Compliance
tesha.saulsberry@smith-nephew.com
D 901 399-5292
M 901 857-8603
www.smith-nephew.com

**From:** Johnson, Juanita
**Sent:** Wednesday, May 29, 2019 4:25 PM
**To:** Saulsberry, Tesha
**Subject:** RE: OT explanation I worked on my file folders

1. As you know, there is no OT for working on files—I wasn't working on my files at 6.
2. You didn't address the question about the time gap with shipment 14306- Yes, I did- I stated working on my files.
3. I am not sure of how lunch has a bearing since you only processed three shipments the entire day; please clarify- Because sometime I may not get to take a lunch, due to short-staffed situation.

Thanks.

**Juanita Johnson / International Shipping Specialist / Global Operations Endoscopy**
**Global Distribution Center, Memphis, TN**
Juanita.Johnson@smith-nephew.com
D: 901-399-1240
F: 901-399-6380
www.smith-nephew.com

1



**From:** Saulsberry, Tesha <Tesha.Saulsberry@smith-nephew.com>
**Sent:** Wednesday, May 29, 2019 4:10 PM
**To:** Johnson, Juanita <Juanita.Johnson@smith-nephew.com>
**Subject:** RE: OT explanation I worked on my file folders

Juanita-
This is confusing to me.
1.  As you know, there is no OT for working on files
2.  You didn't address the question about the time gap with shipment 14306
3.  I am not sure of how lunch has a bearing since you only processed three shipments the entire day; please clarify

Thanks.



Supporting healthcare professionals for over 150 years

Tesha Saulsberry, LCB, CCS, CES | U.S. Trade Compliance Manager | Global Trade Compliance
tesha.saulsberry@smith-nephew.com
D 901 399-5292
M 901 857-8603
www.smith-nephew.com

---

**From:** Johnson, Juanita
**Sent:** Wednesday, May 29, 2019 3:34 PM
**To:** Saulsberry, Tesha
**Subject:** RE: OT explanation I worked on my file folders

Tesha,

I worked on my file folders, since time permitted an opportunity for me to utilize the time accordingly and I took a lunch.

Thanks,

smith&nephew

Supporting healthcare professionals for over 150 years

**Juanita Johnson / International Shipping Specialist / Global Operations Endoscopy**
**Global Distribution Center, Memphis, TN**
Juanita.Johnson@smith-nephew.com
**D: 901-399-1240**
**F: 901-399-6380**
www.smith-nephew.com

---

**From:** Saulsberry, Tesha <Tesha.Saulsberry@smith-nephew.com>
**Sent:** Tuesday, May 28, 2019 6:36 PM

2

**To:** Johnson, Juanita <Juanita.Johnson@smith-nephew.com>
**Subject:** OT explanation

Juanita-
Please explain OT when there was only 3 shipments processed today inclusive of shipment 14306 in at 1p but pre-alert not until after 6p.
Thanks



Supporting healthcare professionals for over 150 years

Tesha Saulsberry, LCB, CCS, CES | U.S. Trade Compliance Manager | Global Trade Compliance
tesha.saulsberry@smith-nephew.com
D 901 399-5292
M 901 857-8603
www.smith-nephew.com

3